# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHERIE ATKINSON, | Case No. 2:18-cv-00529-RFB-DJA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CSAA GENERAL INSURANCE COMPANY, | |
| Defendant. | |

This matter is before the court on Defendant CSAA General Insurance Company's Motion to Enforce Settlement (ECF No. 28), filed on May 12, 2020. A Non-Opposition was filed by Plaintiff's Counsel (ECF No. 29) on May 19, 2020. The Court finds this matter properly resolved without a hearing. See Local Rule 78-1.

**I.   BACKGROUND**

The instant dispute is straightforward. On May 23, 2019, Defendant claims that the parties agreed to settle Plaintiff's claims against Defendant with a full release of claims in consideration for $27,500. (ECF No. 28, p. 2). This was memorialized in email correspondence between counsel. (ECF No. 28-1). Each side was to execute the settlement agreement along with the stipulation to dismiss this case with prejudice, each side to bear its own costs. (ECF No. 28, p. 2.) Plaintiff's Counsel has represented that Plaintiff has ceased communicating with him. So, Defendant seeks an order from the Court to direct Plaintiff's counsel to execute the settlement documents on her behalf.

Plaintiff's Counsel agrees with the summary of relevant terms of the settlement agreement that was reached. (ECF No. 29). He indicates that Plaintiff was involved in a motor vehicle accident on March 29, 2014 with a third-party driver and injured as a result of the accident. The lawsuit between Plaintiff and the third-party driver settled with her insurance company tendering their $100,000 policy to Plaintiff and that case was dismissed. Plaintiff made a claim under her own under-insured motorist policy against Defendant which initiated the instant lawsuit. She was

deposed on April 16, 2019, which resulted in her walking out before providing her complete testimony. Plaintiff Counsel represents that he discussed the settlement of $27,500 with Plaintiff on May 23, 2019 and she agreed to that settlement. (ECF No. 29, p. 2). He then negotiated her medical bills and met with Plaintiff on September 12, 2019 when she refused to sign the settlement documents until after she discussed them with her husband. After that date, she ceased communicating with counsel and Plaintiff's Counsel has reached out to her at least 20 times. (*Id*.) He claims that the settlement is in her best interest and he requests that the Court grant him the authority to execute the necessary settlement documents to resolve this case.

## II.     DISCUSSION

Federal courts have inherent authority to enforce settlement agreements in pending cases. *See, e.g., in re City Equities Anaheim, Ltd*., 22 F.3d 954, 958 (9th Cir. 1994). Even when the case involves a federal cause of action, the construction and enforcement of settlement agreements are governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013). Nevada law requires an offer and acceptance, meeting of the minds, and consideration to constitute an enforceable contract. *May v. Anderson*, 121 Nev. 668, 672 (2005). A contract is formed when the parties have agreed to the material terms of the agreement, even if the contract's exact language is not final. *Id*. "A meeting of the minds exists when the parties have agreed upon the contract's essential terms." *Certified Fire Prot. Inc. v. Precision Constr*., 283 P.3d 250, 255 (Nev. 2012). "Which terms are essential [i.e., material] 'depends on the agreement and its context and also on the subsequent conduct of the parties, including the dispute [that] arises and the remedy sought.'" *Id*. Omission of a "necessary term . . . would render the contract a nullity." *Facebook, Inc. v. Pac. Nw. Software, Inc*., 640 F.3d 1034, 1037 (9th Cir. 2011).

Here, there is no dispute as to the terms of the settlement reached. Rather the sole remaining issue is the formal execution of the agreement and stipulation to dismiss this case. The Nevada Supreme Court has held that a settlement contract can be formed when the parties have agreed to its material terms, even though the contract's exact language is finalized at a later time. *See May,* 121 Nev. 668; *see also Singh v. Reed*, 551 Fed.Appx. 927 (9th Cir. 2014) (holding that plaintiff's signature to a settlement agreement was not a precondition to enforcement of the agreement when

other evidence established acceptance to the material terms). The Court was not privy to the material terms of the agreement as counsel negotiated informally amongst themselves to reach an agreement. However, counsel for both sides contend that an agreement was reached, there is email correspondence confirming that agreement (ECF No. 28-1) and no material terms remain in dispute.

Further, as to Plaintiff's Counsel's communication to Defense Counsel that a settlement was reached, the Court has no reason to question that Plaintiff's Counsel was authorized by Plaintiff to agree to the settlement on May 23, 2019. If a party gives her attorney express permission to enter a settlement agreement, the attorney may do so. *See Harrop v. Western Airlines, I*nc., 550 F.2d 1143, 1145 (9th Cir. 1977). Defendant should not be prejudiced due to Plaintiff's inability to be located to obtain the proper signatures. The Court finds that the parties reached a binding and enforceable settlement agreement on May 23, 2019, the essential terms of which were confirmed in email and later set forth in the form agreement distributed for Plaintiff's signature. It is therefore recommended that the settlement agreement between the parties be deemed fully executed and Plaintiff's case dismissed with prejudice.

### III.    CONCLUSION

### RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Defendant CSAA General Insurance Company's Motion to Enforce Settlement (ECF No. 28) be **granted** such that the settlement agreement between the parties be deemed fully executed.

IT IS FURTHER RECOMMENDED that this case be dismissed with prejudice, each side to bear its own costs and attorneys fees.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 20, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE